```
 1  MICHAEL J. AGOGLIA (CA SBN 154810)
    MAgoglia@mofo.com
 2  WENDY M. GARBERS (CA SBN 213208)
    WGarbers@mofo.com
 3  RITA F. LIN (CA SBN 236220)
    RLin@mofo.com
 4  MORRISON & FOERSTER LLP
    425 Market Street
 5  San Francisco, California  94105-2482
    Telephone: 415.268.7000
 6  Facsimile: 415.268.7522

 7  Attorneys for Defendant
    AURORA LOAN SERVICES LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 10 3118

| | |
|---|---|
| MARITZA PINEL, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AURORA LOAN SERVICES, LLC; and DOES 1-23, inclusive,<br><br>　　　　　　Defendants. | Case No.<br><br>**DEFENDANT AURORA LOAN SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant AURORA LOAN SERVICES LLC ("Aurora") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. § 1441.

## PROCEDURAL HISTORY

1. On or about June 8, 2010, plaintiff filed a putative class action complaint against Aurora Loan Services LLC in the Superior Court of the State of California, County of San Mateo, captioned *MARITZA PINEL, individually and on behalf of all others similarly situated vs. AURORA LOAN SERVICES, LLC; and DOES 1-25, inclusive*, Case No. CIV 495782.

2. On June 17, 2010, plaintiff personally served a copy of the summons and complaint on Aurora's registered agent. A true and correct copy of the summons and complaint received by Aurora is attached hereto as Exhibit A. A true and correct copy of "all [remaining] process, pleadings and orders served upon" Aurora to date while this action was pending in San Mateo Superior Court is attached hereto as Exhibit B. 28 U.S.C. § 1446(a).

3. The complaint asserts four causes of action: (1) violation of California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; and (4) declaratory relief. The complaint purports to bring these claims on behalf of a class of:

> All California residents whose mortgage loans are serviced by Aurora, and who are either (1) in default or (2) have entered into loan workout agreement [sic] with Aurora.

(Compl. ¶ 38.)

## TIMELINESS OF REMOVAL

4. Plaintiff hand-served Aurora's registered agent with a copy of the summons and complaint on June 17, 2010. This notice of removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a) because this notice is filed within thirty (30) days after service of the summons and complaint was effectuated upon Aurora.

## BASIS FOR REMOVAL JURISDICTION

5.  *Generally.*  This action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. In this putative class action, at least one member of the putative class of plaintiffs is a citizen of a state different from that of Aurora, and the amount that plaintiff's allegations place in controversy exceeds $5,000,000, exclusive of interest and costs.

6.  *Covered Class Action.*  The Class Action Fairness Act defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B). The present action is a "class action" for purposes of the Class Action Fairness Act. Plaintiff brings her action individually and on behalf of all California residents whose mortgage loans are serviced by Aurora, and who either are in default or have entered into loan workout agreements with Aurora. (Compl. ¶ 38.) Plaintiff alleges that "the Class is comprised of thousands of borrowers throughout California, making joinder impractical." (Compl. ¶ 40.)

7.  *Diversity.*  The diversity requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

    a.  Plaintiff is a citizen of California.

    b.  Aurora Loan Services LLC is a citizen of Delaware. Aurora Loan Services LLC is a limited liability company. (Compl. ¶ 10.) A limited liability company is a citizen of every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Aurora Loan Services LLC's sole member is Aurora Bank FSB. Aurora Bank is a citizen of Delaware, because it is a federally chartered savings association headquartered in Delaware. *See* 12 U.S.C. § 1464(x) (for diversity purposes, a "Federal savings association

shall be considered to be a citizen only of the State in which such savings association has its home office").

    c.    The citizenship of defendants sued as "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

8. <u>Matter in Controversy</u>. Pursuant to 28 U.S.C. § 1332(d)(2), this Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." As provided in 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

9. Aurora does not concede that it is actually liable to plaintiff or the putative class in any amount. Indeed, Aurora contends that plaintiff and the class she purports to represent are entitled to recover nothing. However, a fair reading of the allegations of the complaint reveals the matter in controversy exceeds the jurisdictional minimum of $5,000,000.

10. The complaint alleges that Aurora wrongfully "lure[d]" plaintiff and the putative class into signing loan workout agreements that are purportedly a "sham" because they "do not provide meaningful modification to financially distressed borrowers." (Compl. ¶¶ 21-22.) Plaintiff alleges that defendant wrongfully "collected payments under the workout agreements even though the agreements are designed never to lead to an actual loan modification" (Compl. ¶ 55), and that she and other putative class members were "injured by virtue of making payments for a sham loan modification." (Compl. ¶ 26.)

11. Plaintiff seeks disgorgement of all revenues obtained by Aurora as a result of the allegedly wrongful loan workout agreements. (Compl. ¶¶ 57, 65, Prayer ¶ 5.) That request for disgorgement alone puts more than $5,000,000 in controversy. Plaintiff alleges that she made a total of $9,755.00 in payments pursuant to her loan workout agreement. (Compl. ¶¶ 33-35.) She further alleges that her "claims are typical of the claims of the Class" (Compl. ¶ 44), and that the class consists of "the Class is comprised of *thousands* of borrowers." (Compl. ¶ 40 (emphasis added); *see also* Compl. ¶ 13 (alleging that Aurora services 400,000 borrowers nationwide).)

Even if the class were comprised of only 2,000 borrowers, $9,755.00 multiplied over 2,000 borrowers yields an amount in controversy of $19,510,000.00 — well beyond the required $5,000,000 threshold. A review of Aurora's records confirms that Aurora has collected more than $5,000,000 in payments from California residents pursuant to loan workout agreements since June 8, 2006 (representing a four-year limitations period).

12. In addition, plaintiff challenges the alleged imposition of "junk fees as part of [Aurora's] workout program." (Compl. ¶ 23.) Specifically, plaintiff asserts that she was wrongfully charged $1,150.00 in legal fees, and $1,403.75 in corporate advances, for a total of $2,553.75. (*Id.*) Taking as true plaintiffs' allegations that she is typical and that the class consists of thousands of borrowers (Compl. ¶¶ 40, 44), an allegedly typical fee amount of $2,553.75 multiplied across 2,000 borrowers already yields an amount in controversy of more than $5,000,000.

13. The complaint also prays for an award of attorneys' fees, compensatory damages, and injunctive and declaratory relief. (Compl. Prayer.) This requested relief further demonstrates that the amount in controversy exceeds $5,000,000.

14. <u>No Class Action Fairness Act Exclusions Apply</u>. This action does not fall within the permissive exclusion of 28 U.S.C. § 1332(d)(3), nor the mandatory exclusions of section 1332(d)(4), because Aurora is not a citizen of California.

15. For the reasons stated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), and this action is removable pursuant to 28 U.S.C. § 1441(b).

## NOTICE TO STATE COURT AND PLAINTIFF

15. Counsel for Aurora certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California, San Mateo County, and promptly served on plaintiff.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
sf-2870780

4

| | |
|---|---|
| Dated: July 16, 2010 | MORRISON & FOERSTER LLP |
| | By: /s/ Wendy M. Garbers |
| | Attorneys for Defendant<br>AURORA LOAN SERVICES LLC |