STEVE W. BERMAN (*Pro Hac Vice*)
THOMAS E. LOESER (202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com

ALI ABTAHI (224688)
IDENE SAAM (258741)
ABTAHI LAW FIRM
1528 S. El Camino Real, Suite 204
San Mateo, CA 94402
Telephone: (650) 341-1300
Facsimile: (650-341-1303
aabtahi@abtahilaw.com
isaam@abtahilaw.com

*Attorneys for Plaintiffs and the proposed Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MAUDER and ALICE CHAO; DEOGENESO and GLORINA PALUGOD,<br><br>and<br><br>MARITZA PINEL,<br><br>on behalf of themselves and all others similarly situated,<br><br>                                        Plaintiffs,<br><br>     v.<br><br>AURORA LOAN SERVICES, LLC,<br><br>                                        Defendant. | No. 10-cv-03118-SBA<br><br>**PLAINTIFFS' MOTION TO QUASH SUBPOENAS DIRECTED AT PLAINTIFFS' COUNSEL AND COUNSEL'S FORMER EMPLOYEES AND FOR A PROTECTIVE ORDER**<br><br>Date:   November 6, 2012<br>[or October 9, 2012]<br>Time:   1:00 p.m.<br>Dept.:   Courtroom 1, 4th Floor<br>Judge:   Hon. Saundra B. Armstrong |

# TABLE OF CONTENTS

**Page**

**TABLE OF CONTENTS** ...................................................................................................................i

**TABLE OF AUTHORITIES** ............................................................................................................ii

**MOTION AND NOTICE OF MOTION**.......................................................................................iii

**STATEMENT OF ISSUES TO BE DECIDED** ..............................................................................iii

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................................................1

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF FACTS.......................................................................................................2

III. ARGUMENT ...........................................................................................................................4

    A. Plaintiffs' Counsel is Presumptively Entitled to a Protective Order ..............................4

    B. Aurora Can Make None of the Showings Required Under *Shelton* to Rebut the Presumption that a Protective Order Should Issue ..........................................................5

        1. Aurora's subpoena seeks irrelevant and privileged information .......................5

        2. Aurora's Subpoena is Not Crucial to Its Case Preparation. .............................6

        3. To the extent there is any new information at all that could come from the subpoenas, Aurora has other means to obtain it ...............................................7

    C. Plaintiffs' Motion to Quash is Timely..........................................................................7

IV. CONCLUSION .......................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Boughton v. Cotter Corp.*,
   65 F.3d 823 (10th Cir. 1995) ................................................................................................ 4

*Brogren v. Pohlad*,
   1994 U.S. Dist. LEXIS 16244, 1994 WL 654917 (N.D. Ill. Nov. 14, 1994) ......................... 7

*Concord Boat Corp. v. Brunswick Corp.*,
   169 F.R.D. 44 (S.D.N.Y. 1996) ............................................................................................. 9

*Jackson v. Brinker*,
   147 F.R.D. 189 (S.D. Ind. 1993) ........................................................................................... 8

*Moon v. SCP Pool Corp.*,
   232 F.R.D. 633, 2005 WL 3526513 (C.D. Cal. Dec. 7, 2005) .............................................. 8

*Nova Biomedical Corp. v. I-Stat Corp.*,
   182 F.R.D. 419 (S.D.N.Y. 1998) ........................................................................................... 8

*Shelton v. American Motors Corp.*,
   805 F.2d 1323 (8th Cir. 1986) ............................................................................................... 4

*Tutor-Saliba Corp. v. United States*,
   30 Fed. Cl. 155 (Fed. Cl. 1993) ............................................................................................. 8

*United States v. Diabetes Treatment Ctrs. of Am., Inc.*,
   238 F. Supp. 2d 270 (D.D.C. 2002) ...................................................................................... 8

**OTHER AUTHORITIES**

9A Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV.2D § 2463 (1995) ............ 8

**MOTION AND NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 1:00 p.m. on November 6, 2012, or on October 9, 2012 – with permission of the Court pursuant to the stipulated expedited briefing and hearing schedule filed concurrently herewith – in the courtroom of the Honorable Saundra B. Armstrong, United States District Court, located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs; Mauder and Alice Chao; Deogeneso and Glorina Palugod; and Maritza Pinel ("Plaintiffs"); will and hereby do move pursuant to Fed. R. Civ. P. 45 to quash the deposition subpoenas served by Defendant Aurora Loan Services, LLC ("Aurora") on: (1) Andrew M. Oldham, the founder of the Law Office of Andrew Oldham and co-counsel for the Plaintiffs: Mauder and Alice Chao; Deogeneso and Glorina Palugod and the putative class; and (2) two of Mr. Oldham's former employees, Leticia Colon and Isabel Sanchez.

Plaintiffs respectfully request an Order that the subpoenas be quashed in their entirety and a protective order prohibiting the depositions be issued. Aurora should bear Plaintiffs' costs of this Motion to Quash and for a Protective Order under Fed. R. Civ. P. 45(c) (1). Plaintiffs' motion is based upon this notice of motion, the memorandum of points and authorities set forth below, and the Declaration of Thomas E. Loeser filed in support hereof.

**STATEMENT OF ISSUES TO BE DECIDED**

Aurora has subpoenaed testimony and documents from Plaintiffs' counsel and two of his former employees. Where: (1) counsel has already provided all non-privileged documents in Plaintiffs' control and possession; (2) all oral communications with Aurora by counsel and/or his employees were recorded by Aurora; and (3) Aurora has shown no crucial need for additional non-privileged information uniquely in counsel's possession – and none is known to exist – should the Court (a) quash the subpoenas directed at opposing counsel and his employees and issue a protective order; and (b) order Aurora to pay Plaintiffs' fees and expenses in filing this motion to quash under Fed. R. Civ. P. 45(c).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As yet another stone now turned in its no-holds-barred distort and delay defense of this case, Aurora waited until the eve of Plaintiffs' class certification motion, then served deposition subpoenas on Plaintiffs' counsel and two of his former employees. Ostensibly because Plaintiffs' counsel's representation of Plaintiffs began before this suit was filed – while Plaintiffs sought in earnest to avoid foreclosure of their homes – Aurora and its counsel apparently believe they are entitled to depose Plaintiffs' counsel's entire law office in what could – at best – be described as a wanderlust fishing expedition. Such deposition would only illicit testimony concerning the attorney-client relationship with Plaintiffs, client communications, and work product. But the law does not allow such a cavalier attack on the guarded privileges of an attorney and his/her clients. Aurora must show a genuine and unique need for counsel's testimony and it should set forth a purpose for its subpoenas, other than the obvious purpose to harass and annoy Plaintiffs and continue to drive up their costs of pursuing this action.

The subpoenas of Plaintiffs' counsel and his former employees are overbroad and burdensome. They are not relevant to any issue in the present case nor would the testimony and documents sought therein reasonably lead to the discovery of admissible evidence. Aurora has identified no genuine component of any viable defense for which Plaintiffs' counsel's testimony is relevant, let alone required. The subpoenas call for information that is protected by the attorney-client privileges and the attorney work product doctrine and should be quashed.

This Motion to Quash is timely under Rule 45(c)(3). Even were the Court to determine that an objection should have been filed within the 14-day period set forth in Fed. R. Civ. P 45(c)(2)(B), the facts here constitute "unusual circumstances" and "good cause." Plaintiffs are permitted to this motion eight days beyond the deadline where: (1) Aurora's subpoenas are patently overbroad and seek privileged information; (2) this motion is brought 12 days before the scheduled deposition; (3) Aurora served its subpoenas when it knew Plaintiffs' counsel would be fully

PLFS' MTN TO QUASH SUBPOENAS
(CASE NO. CV-10-03118-SBA) - 1 -

010191-11  555588 V1

1   engaged in their class certification motion until September 18, 2012; (4) Aurora refused to reset the
2   challenged deposition date to permit briefing following the class certification motion; (5) Aurora
3   filed a Motion to Strike (prohibited under Local Rule 7.3(a)) on September 24, 2012; (6) Plaintiffs'
4   counsel diligently filed this motion as soon as possible and without needless delay; and (7) Aurora
5   is not prejudiced by the present filing because it knew from at least August 30, 2012, that Plaintiffs
6   intended to challenge the subpoenas before it strategically chose to serve them 13 days in advance
7   of the class certification briefing due date.

## II.     STATEMENT OF FACTS

Andrew Oldham is one of the counsel of record for Plaintiffs in the present litigation. Prior to the filing of this action, Mr. Oldham and the Law Office of Andrew Oldham (the "Law Office") assisted Plaintiffs Mauder and Alice Chao and Deogeneso and Glorina Palugod with certain real estate matters. *See* Declaration of Thomas E. Loeser In Support of Plaintiffs' Motion to Quash Subpoenas Directed at Plaintiffs' Counsel and Counsel's Former Employees and for a Protective Order ("Loeser Declaration"), ¶ 2. On August 30, 2012, Aurora's counsel told Plaintiffs' counsel they intended to serve deposition subpoenas on Mr. Oldham and two of his former employees and requested to make service on Mr. Oldham via email. *See id.*, ¶ 3. Plaintiffs' counsel advised Aurora that any such subpoenas would be improper and perceived as merely a ploy for harassment, and would result in a motion to quash. *See id.* Nonetheless, Plaintiffs' counsel agreed to accept service via email. On September 5, 2012, Aurora served the subpoenas at issue here on Andrew Oldham via email. *See id.*, ¶ 4.

On September 7, 2012, via email, Plaintiffs' counsel sent a request to Aurora's counsel to postpone the Oldham deposition such that Plaintiffs could brief their objection to it after the class certification brief was due. *See id.*, ¶ 5. Counsel wrote:

> In addition, the noting of the deposition of Andrew Oldham will require us to brief a motion to quash now, while we are reviewing evidence and drafting our motion for class cert. For this deposition, which is patently meant to harass and annoy as all pertinent information concerning Andrew's contacts with Aurora have already been provided to you, there is absolutely no reason why it cannot be noted for a later date so that we can turn to quashing that notice after we have finished our certification opening brief. Please respond today with whether you

PLFS' MTN TO QUASH SUBPOENAS
(CASE NO. CV-10-03118-SBA)                          - 2 -

010191-11  555588 V1

1    will agree to renote the deposition of Andrew Oldham such that we can litigate
     that matter after September 18.

2  *Id.* By email on September 7, 2012, Aurora's counsel refused Plaintiffs' request. *See id.*, ¶ 6

Until the filing of Plaintiffs' motion for class certification on September 18, 2012, Plaintiffs' counsel were completely occupied in preparing that motion, including (1) attempting to review over six million pages of discovery that Aurora had produced in final weeks before the motion due date; and (2) reviewing the deposition transcripts of Aurora's Rule 30(b)(6) witness which Plaintiffs did not obtain until September 11, 2012. *See id.*, ¶ 7. In addition, Plaintiffs' counsel was researching and drafting the class certification motion and accompanying declarations. *See id.* On September 20, 2012, Plaintiffs' counsel began work on this motion with the intent to file it on September 24. *See id.* However, on September 24, in contravention of Local Rule 7-3(a), Aurora filed a motion to strike Plaintiff's class certification motion and a motion for expedited briefing with an immediate due date. *See id.*, ¶ 8. Plaintiffs' counsel thus directed their efforts at these matters until September 26, 2012. *See id.* Immediately thereafter, Plaintiffs completed this motion, requested a meet and confer with Aurora, and upon Aurora's refusal to withdraw its subpoenas, filed this motion. *See id.*, ¶ 9. Plaintiffs' counsel used all possible diligence to file this motion promptly and as many days as possible in advance of the noticed deposition dates. *See id.*, ¶ 10.

The subpoenas, attached as Exhibit A to the Loeser Declaration, call for Oldham, Colon, and Sanchez to provide testimony and the production of documents. Specifically, they request "[a]ll documents relating to the loans of the Chaos and Palugods…" In particular, they seek:

(1)   all documents concerning modifications, workouts, forbearances, or applications thereof in connection with the loans;

(2)   oral or written communications you have had with Aurora on behalf of the Chaos and/or Palugods;

(3)   notes you or your employees . . . took in connection with telephone calls made or received on behalf of the Chaos and/or Palugods; [and]

(4)   records you or your employees . . . kept relating to oral or written communications with Aurora . . . including records

PLFS' MTN TO QUASH SUBPOENAS
(CASE NO. CV-10-03118-SBA)                - 3 -

010191-11  555588 V1

> that would indicate your receipt of letters sent to you by
> Aurora related to or concerning the Chaos and/or Palugods.

Loeser Decl., Ex. A. The subpoenas also impermissibly seek absent putative class member discovery that Aurora is not entitled to obtain. They demand: "All documents relating to oral or written communication that you have had with Aurora on behalf of or relating to any putative class member in this action."

### III. ARGUMENT

#### A. Plaintiffs' Counsel is Presumptively Entitled to a Protective Order

Federal District Courts within California hold that counsel is presumptively entitled to a protective order against being deposed by an adversary. The law in the State of California is in accord. Federal courts require a three part showing to rebut the presumption. *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1326-28 (8th Cir. 1986). The party seeking the deposition must convince the court: (1) opposing counsel has information that is relevant and non-privileged; (2) the information sought is crucial to preparation of the case; and (3) no means exist to obtain the information other than to depose opposing counsel. *See id.* A protective order is proper if any of the above criteria are lacking. *See Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995).

A subpoena directed to opposing counsel in a pending action is disfavored because obtaining testimony from opposing counsel undermines the adversarial system and increases the time and cost of litigation because questions of attorney-client privilege and work product protections are deeply intertwined and at odds with the potential fruit of discovery. *See Shelton*, 805 F.2d at 1326-28. While the Ninth Circuit has not adopted an explicit rule regarding requests for depositions of opposing counsel, District Courts within the circuit have adopted the *Shelton* three-part test. The *Shelton* test balances the competing interests of attorney-client and work-product privilege with the possibility a party's counsel may have knowledge of relevant facts. Aurora has not, and cannot satisfy the *Shelton* test and as a result this Court should quash the deposition subpoenas and issue a protective order.

PLFS' MTN TO QUASH SUBPOENAS
(CASE NO. CV-10-03118-SBA) - 4 -

010191-11 555588 V1

**B.     Aurora Can Make None of the Showings Required Under *Shelton* to Rebut the Presumption that a Protective Order Should Issue**

   **1.     Aurora's subpoena seeks irrelevant and privileged information.**

Andrew Oldham and the Law Office of Andrew Oldham served as counsel for Plaintiffs Mauder and Alice Chao and Deogeneso and Glorina Palugod with respect to certain real estate and real estate litigation matters prior to this action. As to those matters, the attorney-client privilege and/or attorney work-product privileges plainly apply. Nonetheless, Aurora seeks:

> (1)   all documents concerning modifications, workouts, forbearances, or applications thereof in connection with the loans;
>
> (2)   oral or written communications you have had with Aurora on behalf of the Chaos and/or Palugods;
>
> (3)   notes you or your employees . . . took in connection with telephone calls made or received on behalf of the Chaos and/or Palugods; [and]
>
> (4)   records your or your employees . . . kept relating to oral or written communications with Aurora . . . including records that would indicate your receipt of letters sent to you by Aurora related to or concerning the Chaos and/or Palugods.

Obviously, the request for "all documents concerning…" necessarily will include confidential communications between Plaintiffs and their lawyers regarding legal advice sought on behalf of Plaintiffs for the purpose of protecting their legal rights. Notes taken by Law Office employees will constitute work product, and may contain the impressions, opinions, conclusions, legal theories, and research prepared by Plaintiffs' lawyers for the purpose of protecting Plaintiffs' legal rights in litigations or in anticipation of litigation. Accordingly, the requests seek to compel production of material protected by Plaintiffs' attorney-client privilege, which Plaintiffs have not waived. And the requests further seek to compel production of material protected by the work-product doctrine, which also has not been waived.

Defendants have not, and cannot, explain how these requests are exempt from the protections afforded to Plaintiffs by the attorney-client privilege and the work-product privilege, or how such privileges were waived. Thus the Court must quash the subpoena because it "requires

PLFS' MTN TO QUASH SUBPOENAS
(CASE NO. CV-10-03118-SBA)                           - 5 -

1   disclosure of privileged or other protected material, [and] no exemption or waiver applies." Fed. R.
2   Civ. P. 45 (c)(3)(A)(iii).

3   **2.    Aurora's Subpoena is Not Crucial to Its Case Preparation.**

4   The testimony and documents requested by its subpoenas are not crucial to Aurora's case
5   preparation but are rather designed to harass Plaintiffs' counsel. As made clear in the Consolidated
6   Amended Complaint and Plaintiffs' Motion for Class Certification, this case concerns Aurora's
7   false promise of an opportunity to cure default in its Workout Agreements that it used to extract
8   payments from borrowers that were already in default and would not otherwise have sent Aurora
9   money.

10  The focus of the legal and factual inquiry is Aurora's internal procedures rather than any
11  documents that may or may not be in the possession of Plaintiffs. Of course, any such documents
12  that would conceivably be relevant would have come from Aurora and are already in its
13  possession. Nonetheless, Plaintiffs have provided to Aurora every non-privileged document in their
14  possession that remotely touches on the loans at issue here. This necessarily included all
15  correspondence from Aurora along with other loan and forbearance related documents Plaintiffs
16  possessed.

17  As a result, there simply are no remaining non-privileged documents in the possession or
18  control of the Law Office or its employees. Since the subpoenas for documents will provide
19  nothing to Aurora, it can hardly be crucial to case preparation. The subpoenas purpose can only be
20  to harass by seeking either privileged or previously disclosed information.

21  As to the deposition testimony sought by Aurora, it similarly cannot show a critical need to
22  depose Plaintiffs' counsel and his employees. Aurora recorded all telephone calls concerning
23  Plaintiffs' transactions and it logs all communications. It thus already knows the substance of any
24  non-privileged oral communications that the Law Office or its employees would have had with
25  Aurora. To the extent that Law Office retained any non-privileged notes or records of such
26  communications, as noted above, they have already been produced. There is no crucial need for a
27  deposition of opposing counsel for Aurora to – at best – confirm what it already knows.

28
PLFS' MTN TO QUASH SUBPOENAS
(CASE NO. CV-10-03118-SBA)                - 6 -

010191-11  555588 V1

### 3. To the extent there is any new information at all that could come from the subpoenas, Aurora has other means to obtain it.

The information requested by Aurora has either already been provided by Plaintiffs or is equally or uniquely in its possession. Documents such as modifications, workouts, forbearances, or applications relating to the Chao and Palugod loans have already been produced. Oral communications with Aurora were recorded by Aurora and are not in Plaintiffs' possession. Written communications sent to Aurora have been produced by Plaintiffs if retained and/or those sent to Aurora are already in Aurora's possession. All non-privileged notes or records of telephone calls or other correspondence have already been produced.

Because there is simply nothing left to produce to Aurora, it necessarily already has all that it is entitled to get. If it believes that there are other relevant communications between it and the Law Office, it can obtain that information from searching its own recordings of phone calls and its own files of correspondence. If Aurora wants to know whether its communications to Plaintiffs, through counsel, were forwarded to Plaintiffs, it can ask Plaintiffs at their depositions on October 2-5, 2012. Simply put, Aurora can gain nothing from the depositions, other than, of course, harassing opposing counsel and driving up Plaintiffs' costs of prosecuting this case.

### C.   Plaintiffs' Motion to Quash is Timely

In the parties meet-and-confer on September 27, 2012, Aurora indicated that it intended to argue that this motion is untimely under Fed. R. Civ. P. 45(c)(2)(B) which concerns objections to document requests contained in subpoenas. Yet this motion does not concern a document objection (which is intended to avoid the higher burden of a motion to quash), but rather is brought directly under Rule 45(c)(3), which allows a court to quash a subpoena on a "timely" Rule 45 motion.

Rule 45 is silent as to what constitutes a "timely" motion. Some district courts have held generally that failure to serve written objections within the fourteen-day limit prescribed by Rule 45(c)(2)(B) results in waiver. *See*, *e.g., Brogren v. Pohlad,* 1994 U.S. Dist. LEXIS 16244, 1994 WL 654917, at *1 (N.D. Ill. Nov. 14, 1994) (non-party waived its right to object to a subpoena duces tecum where it waited for over two months to serve its written objections); *Tutor-Saliba*

PLFS' MTN TO QUASH SUBPOENAS
(CASE NO. CV-10-03118-SBA)                - 7 -

010191-11  555588 V1

*Corp. v. United States*, 30 Fed. Cl. 155, 156 (Fed. Cl. 1993) ("timeliness" for purposes of Rule 45(c)(3) means the fourteen-day time limit articulated in Rule 45(c)(2)(B)).

Other district courts have held that a non-party may timely move to quash a subpoena until the subpoena's return date has passed. *See, e.g., United States v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002); *Nova Biomedical Corp. v. I-Stat Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y. 1998). Even courts that have held waiver is determined in accordance with the Rule 45(c)(2)(B) time limit excuse untimely objections "'in unusual circumstances and for good cause.'" *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636, 2005 WL 3526513, at *3 (C.D. Cal. Dec. 7, 2005) (citing *McCoy v. Southwest Airlines Co. Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)).

The plain language of Rule 45(c)(2)(B) does not require a person served with an objectionable subpoena to follow its directives instead of filing a motion to quash under Rule 45(c)(3). Instead, it states that a "person commanded to produce and permit inspection and copying, *may...serve...written objection*," and therefore avoid the burden of further action unless a court orders otherwise. Fed. R. Civ. P. 45(c)(2)(B) (emphasis added). The permissive nature of the Rule portends the underlying purpose of the 1991 amendments: to afford greater protections to those served with a subpoena than were available prior to amendment and not "to diminish the rights conferred by...any other authority." 9A Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV. 2D § 2463 (1995).

Given the intended purpose of the 1991 amendments and the permissive nature of Rule 45(c)(2)(B), Plaintiffs' counsels' inability to serve timely Rule 45(c)(2)(B) objections does not prevent this Rule 45(c)(3) motion to quash. *See Jackson v. Brinker*, 147 F.R.D. 189, 194 (S.D. Ind. 1993) (acknowledging that Rule 45 provides a party several distinct means of resisting a subpoena *duces tecum*).

Even if the Court were to follow those courts requiring "unusual circumstances" and "good cause," Plaintiffs can make those showings. At issue here are: (1) The presumption against allowing depositions of opposing counsel; (2) the breadth of Aurora's subpoenas; (3) the privileged nature of the documents sought; (4) Aurora's strategic timing of its service when it knew and

PLFS' MTN TO QUASH SUBPOENAS
(CASE NO. CV-10-03118-SBA)                   - 8 -

010191-11 555588 V1

intended that Plaintiffs' counsel would be fully engaged in class certification briefing; (5) Aurora's refusal to postpone the deposition; (6) Aurora's filing of its Motion to Strike in contravention of Local Rule 7-3(a); and (7) the fact that as early as August 30, 2012, Plaintiffs' counsel communicated their intent to seek court assistance should Aurora issue the subpoenas. These factors demonstrate both unusual circumstances and good cause such that Plaintiffs' counsel have not waived their ability to make this Motion to Quash Aurora's subpoenas of Plaintiffs' counsel. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51-52 (S.D.N.Y. 1996) (court allowed non-party's motion to quash subpoena duces tecum filed after Rule 45(c)(2)(B) time limit and excused untimeliness where requests were overly broad, subpoenaed witness was a non-party acting in good faith and communicated concerns with the subpoena and attempted to resolve dispute prior to filing motion).

## IV.   CONCLUSION

There is no legitimate basis for Aurora to depose opposing counsel and his former employees. Aurora cannot overcome the presumption that its subpoena is inappropriate and should be quashed and a protective order should issue. Further, having no legitimate purpose for its subpoena, Aurora should bear Plaintiffs' costs of this Motion to Quash and for a Protective Order under Fed. R. Civ. P. 45(c)(1).

DATE: September 27, 2012           **HAGENS BERMAN SOBOL SHAPIRO LLP**

By:   /s/ Thomas E. Loeser
Steve W. Berman (*Pro Hac Vice*)
Thomas E. Loeser (Cal. Bar No. 202724)
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com

Andrew Oldham (144287)
LAW OFFICE OF ANDREW OLDHAM
901 Campisi Way, Suite 248
Campbell, CA 95008
Telephone: (888) 842-4930

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

T. Christopher Tuck
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg A
PO Box 1007
Mt. Pleasant, SC 29464
(843) 727-6515
ctuck@rpwb.com

Ali Abtahi (224688)
Idene Saam (258741)
ABTAHI LAW FIRM
1528 S. El Camino Real, Suite 204
San Mateo, CA 94402
Tel: (650) 341-1300
Fax: (650) 341-1303
aabtahi@abtahilaw.com
isaam@abtahilaw.com

*Attorneys for Plaintiff and the Class*

PLFS' MTN TO QUASH SUBPOENAS
(CASE NO. CV-10-03118-SBA)                - 10 -

010191-11  555588 V1