1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

# UNITED STATES  DISTRICT COURT

## Northern District of California

### San Francisco Division

MARITZA PINEL, *et al.*,                                    No. C 10-03118 SBA (LB)

                 Plaintiffs,

    v.                                                      **ORDER**

AURORA LOAN SERVICES LLC,                      [ECF No. 95]

                 Defendant.

_____/

On October 1, 2012, the parties sent the court a series of emails with a discovery dispute about the timing of Aurora's depositions of the named Plaintiffs.  Those depositions had been scheduled for tomorrow, October 2, 2012, through Saturday, October 6, 2012).  The court held a telephone hearing (available on a recording to the parties) at 3 p.m. and now issues an order memorializing its on-the-record rulings.

The parties first are instructed to compile their emails into one public record document and file it make a clear record about their dispute.

The issue is about the interplay of the timing of the depositions with the pending class certification motion.  Apparently Aurora scheduled the depositions after the filing of the motion so that it could have the benefit of that motion.  But then, last Monday, September 24, 2012, Aurora told Plaintiffs something along the lines of, "your current class certification motion is not supported by the current complaint."  By Friday, September 28, 2012, Plaintiffs responded that they would file an amended complaint.  At some point, Plaintiffs provided a draft complaint (possibly over the

weekend and possibly today).  Plaintiffs sent a red-lined version to the court late this afternoon.

From Plaintiffs' perspective, their amended complaint is just the ordinary conforming of a complaint (particularly class allegations) to the class certification motion.  That might happen after the class certification process (and they noted cases that allowed that process).  Plaintiffs also note that they are still operating within a Rule 15(a) framework for amending the pleadings.  Plaintiffs also say that the proposed amended complaint just extends the class and does not change its basic theory of the case, which has always challenged Aurora's loan practices involving a "workout" plan that never gave an opportunity to actually cure the default.   Aurora counters that it is entitled to depose people in the context of final pleadings and also, Plaintiffs changed not only the class but also their theory of the case.

The issue then is, do the depositions go forward tomorrow and the rest of the week, given that fact discovery does not close until March.  The court reviewed on a very high-level the over-forty-page proposed amended complaint, and on that high level, Plaintiffs' view of their amended complaint looks right.  This analysis is with the substantial caveat that given the court's fully-scheduled day, the court had no opportunity to examine in any granular detail the proposed changes.  Plaintiffs also raised the case management concern that this is all a defense tactic to push off the day of class certification to a point where any meaningful recovery will not happen.

Still, Aurora is the master of when it schedules depositions, and it has time to finish its discovery.  Plaintiffs do raise issues of who bears the costs because Plaintiffs have incurred costs (air fare and hotels for the lawyers and possible lost work days for the named Plaintiffs) for depositions that Aurora (essentially) cancelled last minute.  That burden, of course, can be borne by Aurora (and the court's preliminary assessment based on its very high-level review of the proposed complaint is that it should).  (As the court said to the parties, however, this is a tentative reaction only, and of course Aurora may raise any arguments against costs if Plaintiffs seek them.)

The court tried to propose a pragmatic solution to Aurora:  take the scheduled depositions, and then if you need more time, the court will grant it without counting it against the depo limits and probably at Plaintiffs' expense (again, if that seemed like the right outcome after a more considered discussion).  But Aurora's attorney apparently is in D.C. and made the call not to fly out even before

the court's scheduled call.  (The court appreciates that later flights probably were available.)

In any event, the court's view is in the end, if Aurora chooses to cancel the depositions, it can, but it may bear the costs (as described in this order).  And if it goes forward with the depositions, it may have additional time later to address any unanswered issues.

The court observed at the telephonic hearing that at this point, the docket is starting to show a rush of filings and motions to expedite and short time frames that probably are inconsistent with the district court's orderly managing of its docket.  The court encourages the parties to meet and confer to work out an orderly time frame for their litigation (as they started to do this weekend).

**IT IS SO ORDERED.**

Dated: October 1, 2012

_____
LAUREL BEELER
United States Magistrate Judge