STEVE W. BERMAN (Pro Hac Vice)
THOMAS E. LOESER (202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com

ALI ABTAHI (224688)
IDENE SAAM (258741)
ABTAHI LAW FIRM
P.O. Box 29450
San Francisco, CA 94129
Telephone: (650) 341-1300
Facsimile: (650) 341-1303
aabtahi@abtahilaw.com
isaam@abtahilaw.com

Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MAUDER and ALICE CHAO;<br><br>DEOGENESO and GLORINA PALUGOD;<br><br>and<br><br>MARITZA PINEL,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AURORA LOAN SERVICES, LLC,<br><br>Defendant. | Case No.: CV-10-3118-SBA<br><br>**PLAINTIFFS' RENEWED TRIAL PLAN** |

## I. INTRODUCTION

Plaintiffs Mauder and Alice Chao, Deogeneso and Glorina Palugod, and Maritza Pinel ("Plaintiffs") propose to represent two classes and a subclass, as follows. First, a class of persons like themselves to whom Aurora sent standard form correspondence (the "Workout Agreement") that violates California's Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE §§ 1788, *et seq*. (the "Rosenthal Act") on or after June 8, 2009[1] (the proposed "Rosenthal Class").

Second, Plaintiffs seek to represent a class of persons like themselves to whom Aurora sent a Workout Agreement after June 8, 2006[2], who made the payments required under the Workout Agreement, but were not provided a review for modification or other opportunity to cure their arrearage during the term of the Workout Agreement, subsequently lost their homes to foreclosure, and are thus entitled to restitution of their trial payments and/or contractual damages as set forth in the SCAC (the proposed "Restitution Class").

Third, Plaintiffs seek to represent a subclass of persons like themselves who are members of the Restitution Class and made additional payments to Aurora after the end of their Workout Agreement (the proposed "Excess Payment Subclass").

## II. PLAINTIFFS WILL USE COMMON EVIDENCE TO OBTAIN AN AGGREGATE JUDGMENT IN FAVOR OF THE CLASSES AND SUBCLASS

Plaintiffs will use common evidence to obtain an aggregate judgment in favor of the Rosenthal Class, the Restitution Class and the Excess Payment Subclass. *See In re Worldcom, Inc. Secs. Litig.,* 2005 WL 517331, at *4 (S.D.N.Y. 2005) (benefits of aggregate damage award in class action).

For the Rosenthal Class, the amount of the judgment is capped at $500,000, and is to be determined by the Court based on articulated, class-action-specific, common factors, specifically "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected,

---

[1] The Rosenthal Act has a one-year statute of limitations, thus only those borrowers who were sent the Workout Agreement within one year prior to the filing of the *Pinel* complaint are in the Rosenthal Class.
[2] The remaining claims for relief in the SCAC have a four-year statute of limitations, thus the Restitution Class includes all those sent the Workout Agreements on or after June 8, 2006.

and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C. § 1692k(b)(2). Each and every one of these factors is Class-wide evidence concerning Aurora and its practices vis-à-vis the Rosenthal Class as a whole.

For the Restitution Class, which consists of borrowers sent the Workout Agreement who made the payments required by their Workout Agreement but were not provided an opportunity to cure their arrearage after successful completion of their Workout Agreement, and then lost their homes to foreclosure, the judgment under Count VII (Unfair Competition Law) will include an order of restitution of the aggregate amount of the trial period payments they made to a common fund for their benefit. CAL. BUS. & PROF. CODE § 17203. Plaintiffs also seek to recover these same funds as damages under the Rosenthal Act (Count V), damages under their breach of contract claims (Counts III & IV), and/or damages under their quasi-contract claims (Counts I, II, & VI).

For the Excess Payment Subclass, which is defined to include members of the Restitution Class who made additional payments to Aurora after the term of the Workout Agreement, the judgment will include an order of restitution/damages (as noted under each claim above), constituting the payments Excess Payment Subclass members made to Aurora after the term of their Workout Agreements expired.

Specifically, Plaintiffs propose to proceed post-certification through trial as follows:

**A.     Pre-trial proceedings**

    **1.     Rosenthal Class list**

Attached hereto as Exhibit A is the Rosenthal Class list. This list sets forth the loan number and date for each borrower to whom Aurora sent a Workout Agreement in California on or after June 8, 2009. Based on the information provided to date by Aurora, and its discovery verifications, Plaintiffs believe this list to be accurate and complete. That is, it contains all California borrowers who received a substantially identical Workout Agreement as Plaintiffs during the statute of limitations period applicable to the Rosenthal Act claim. From this list of loan numbers, Aurora can generate a class notice list including loan numbers, names, last known address, and so forth through electronic queries.

### 2. Restitution Class List[3]

Attached as Exhibit B is Plaintiffs' preliminary Restitution Class list. This list contains the loan number associated with each borrower in California who: (1) was sent a Workout Agreement on or after June 8, 2006; (2) made all the payments required by the Workout Agreement; and (3) did not get an opportunity to cure and was, therefore, foreclosed. The Restitution Class list sets forth the total amount paid to Aurora under the borrower's Workout Agreement. If liability is established, the Restitution Class list can be used to calculate the pro-rata amount of the aggregate restitution/damages award to be sent to each Restitution Class member.

### 3. Excess Payment Subclass List

Attached as Exhibit C is Plaintiffs' preliminary Excess Payment Subclass list. The Subclass list contains the loan number for each Restitution Class member who made payments to Aurora after the end of their Workout Agreement term. The list sets forth the total amount of such payments made. If liability is established, the Excess Payment Subclass list can be used to calculate the pro-rata amount of the aggregate restitution/damages award to be sent to each Excess Payment Subclass member.[4]

### 4. Notice

As the class lists include mortgage loan numbers and associated information, the notice can be sent to each class member's last known home address or forwarding addresses obtained by reference to the home address. To the extent that Aurora maintains electronic data such as

---

[3] As noted in Plaintiffs' class certification brief, on the eve of the filing of this trial plan, counsel for Aurora sent an email to Plaintiffs' counsel indicating Aurora intended to provide updated class membership data. *See* Declaration of Thomas E. Loeser in Support of Plaintiffs' Renewed Motion for Class Certification, ¶¶ 21-22. The updated data will not change Rosenthal Class membership. *See id.* To the extent it changes class membership and damages/restitution amounts for Restitution Class members and Excess Payment Subclass members, Plaintiffs will provide updated Class lists and damages calculations with their reply. The new data will not change the process described in this Trial Plan.

[4] The Excess Payment Subclass list, as currently constituted with 1,538 loan numbers and a total of $8,566,063 in post-plan payments, conservatively states the number of Excess Payment Subclass members and therefore, the full measure aggregate damages. Additional data, as set forth above in Note 3, may identify additional Restitution Class members. To the extent such additional Restitution Class members made post-plan payments, they would also be Excess Payment Subclass members.

PLAINTIFFS' RENEWED TRIAL PLAN       - 3 -
(Case No. CV-10-03118-SBA)

email addresses and social security numbers associated with loan numbers, those may be helpful for tracing purposes.

### 5. Calculation of Aggregate Damages

Aggregate damages for the Rosenthal Class are capped at $500,000. For the Restitution Class and the Excess Payment Subclass, the respective Class and Subclass list will provide the precise amount of damages/restitution for each Class and Subclass member. To the extent judgment exceeds (through punitive damages) or is less than (for example, if notice costs or fees are drawn from an aggregate award) the total of the payments set forth in the Class and Subclass lists, amounts to be sent each class member based upon the pro-rata share of the aggregate can be easily calculated.

**B. Common Trial Evidence**

Assuming trial of the Rosenthal Act, contract claims, quasi-contract claims and UCL liability and damages occur at the same time, all issues may be determined based on the following evidence:

1. The Workout Agreement, on the issue of whether it is deceptive under the objective "least sophisticated debtor" standard of the Rosenthal Act;

2. The Workout Agreement, on the issue of whether it was unconscionable and/or lacking in consideration or there was a failure of consideration;

3. The Workout Agreement, if enforceable, on the issue of what contractual obligations and benefits imbued to Class members and Aurora;

4. Aurora's policies and practices regarding the Workout Agreement program, through its 30(b)(6) designees Helen Placente and Steven Froning, and other yet to be determined witnesses. This evidence will be offered on the issues of (1) Aurora's interpretation of the Workout Agreement; (2) whether the Workout Agreement was deceptive, unconscionable, and/or lacking in consideration; (3) Aurora's program of incentivizing employees to convince borrowers to enter into Workout Agreements; (4) Aurora's policy of encouraging borrowers to continue to make payments after their Workout Agreements ended; (5) Aurora's profit maximization and expense minimization benefits of placing borrowers in Workout Agreements; (6) the timeliness of review for modification under the Workout Agreements; (7) the lack of provision of an opportunity to cure arrearage under the Workout Agreement; (8) the dual-tracking of Workout Agreements with foreclosure; (9) the affirmative issue of damages; (10) the authentication of Aurora's documents (if necessary); (11) punitive damages; and (12) other matters as may become apparent during further discovery. It will also be offered against Aurora's presumed defense to the Rosenthal Act that its violations were "not intentional and resulted notwithstanding the maintenance of procedures reasonably adopted to avoid" them. *See* CAL. CIV. CODE § 1788.30(e).

5. Documents provided by Aurora in discovery that: (1) support and/or refute the testimony of its corporate designees; (2) reveal its actual practices and policies; (3) reveal its intent and its motivation for undertaking the Workout Agreement scheme; (4) contradict statements/promises in the Workout Agreements; (5) show its actual interactions with Plaintiffs and the Classes and Subclass; (6) show its review of its own adherence to policies and procedures; (7) demonstrate its treatment of borrowers who entered into Workout Agreements; (8) are relevant to punitive damages; and (9) are relevant to other matters that may be admitted at trial based on information that becomes apparent through further discovery and developments in this case.

6. Prior versions showing the history of the evolution of the Workout Agreement into the subject forms, on the issue of intent, for the purposes of damages (15 U.S.C. § 1692k(b)(2); CAL. CIV. CODE § 1788.30(e)), as well as for the purposes of contractual intent and meaning.

7. Reports of Workout Agreement outcomes and restitution/damages, for the purposes of damages and the merits. 15 U.S.C. § 1692k(b)(2); CAL. CIV. CODE § 1788.30(e).

8. Plaintiffs will testify regarding the facts of their case in order to lay the foundation for the Classes and Subclass.

9. Post-certification discovery is likely to reveal additional Aurora personnel and documents relevant to these matters.

### III. POST TRIAL ADMINISTRATION

Plaintiffs will request a verdict specifying (1) Rosenthal Act liability and statutory damages; (2) contractual rescission and punitive damages (to the extent there is a finding of fraud in the inducement); (3) disgorgement; and (4) restitution damages; and the aggregate amount payable to (1) the Rosenthal Class; (2) the Restitution Class; and (3) the Excess Payment Subclass. These funds will be distributed to the Classes and Subclass through an administrative process to be determined following class certification. *See* 7AA C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1784 (3d ed. 2005) ("courts must use their discretion [] and … ingenuity [] to shape decrees or to develop procedures for ascertaining damages and distributing relief"). To the extent a there is a residual of undeliverable funds, Plaintiffs will propose a *cy pres* recipient that provides assistance to financially distressed homeowners such as the members of the Classes and Subclass.

PLAINTIFFS' RENEWED TRIAL PLAN - 5 -
(Case No. CV-10-03118-SBA)

| | | |
|---|---|---|
| 1 | DATE: November 16, 2012 | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| 2 | | |
| 3 | | By: /s/ Thomas E. Loeser |
| | | Steve W. Berman (*Pro Hac Vice*) |
| 4 | | Thomas E. Loeser (Cal. Bar No. 202724) |
| | | 1918 Eighth Avenue, Suite 3300 |
| 5 | | Seattle, WA 98101 |
| | | Telephone: (206) 623-7292 |
| 6 | | Facsimile: (206) 623-0594 |
| | | steve@hbsslaw.com |
| 7 | | toml@hbsslaw.com |

Andrew Oldham (144287)
LAW OFFICE OF ANDREW OLDHAM
901 Campisi Way, Suite 248
Campbell, CA 95008
Telephone: (888) 842-4930

T. Christopher Tuck
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg A
PO Box 1007
Mt. Pleasant, SC 29464
(843) 727-6515
ctuck@rpwb.com

Ali Abtahi (224688)
Idene Saam (258741)
ABTAHI LAW FIRM
P.O. Box 29450
San Francisco, CA 94129
Tel: (650) 341-1300
Fax: (650) 341-1303
aabtahi@abtahilaw.com
isaam@abtahilaw.com

*Attorneys for Plaintiff and the Class*