UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

MARITZA PINEL, *et al.*,

Plaintiffs,

v.

AURORA LOAN SERVICES, LLC,

Defendant.

_____/

No. C 10-03118 SBA (LB)

**ORDER**

The parties have a discovery dispute about whether Plaintiffs should be able to depose Aurora a second time about regarding the storage, tracking, and production of data regarding the loan files and servicing history of putative class members, including how foreclosure status is tracked and communicated. *See* Joint Letter Brief, ECF No. 189 at 1 & Ex. A.

More specifically, Aurora responded to interrogatories with spreadsheets of data concerning the class member loans, and on August 29 and 30, 2012, Plaintiffs deposed Aurora. The issue is whether Plaintiffs should get a second Rule 30(b)(6) deposition because Aurora provided replacement spreadsheets with new data and fields on October 20, 2012, November 1, 2012, January 7, 2013, and January 17, 2013, which was the final spreadsheet. Plaintiffs characterizes the productions as "different" and the January 7 production as "materially" different. *Id.*

Aurora argues that at least some topics can be answered in writing (such as the identity of the person who created the spread sheets, the date and location of creation, and similar inquiries). *Id.* (referencing Ex. A, topics 1-5 and 9-10). Plaintiffs responded that the spreadsheets are so different

that they ought to get a chance to ask about the data (pointing to topic 4 as an example). The court ruled that it was not going to foreclose a Rule 30(b)(6) deposition given Plaintiffs' representations about how different the spreadsheets were. The process will begin, however, with Aurora's providing written answers.

As to topics 6 and 7, those seek information about the types of data associated with a borrower. Aurora does not dispute the relevance but says that Plaintiffs previously asked for specific categories of information, and Aurora produced it that way. Now, Aurora said, Plaintiffs are asking for information in topics 6 and 7 that they never asked for before. At least on this record, the court concludes that Aurora's compromise of providing the answers in writing makes sense.

The parties are working out topic 11 themselves.

As to topics 12 and 13, Plaintiffs narrowed the topics by adding the words "in your electronic data systems" after the words "What terms YOU used" in topic 12 and "How YOU tracked" in topic 13. With that narrowing, for the same reasons that apply to topics 6 and 7, Aurora's written answers are sufficient on this record.

As to topic 14, the words "How YOU communicated with outside vendors through your electronic data systems" should be substituted for "How YOU provided," and Aurora may provide written responses about the electronic captures. To the extent that the issue is about whether this area of inquiry was adequately captured in the notice for the first deposition of Aurora (and whether Aurora shut down the line of inquiry), that issue was not captured in the current discovery letter brief. The parties should meet and confer and file a separate letter brief, but they should do so after Aurora provides its written responses. Plaintiffs may reassert their "utility-and-no-burden-outweigh-policies-against-second-30(b)(6)-depositions" arguments in that second letter brief too. At least at this point, however, the court is contemplating a second Rule 30(b)(6) deposition only on new information conveyed in the updated databases. The court expects that the process in this order should narrow the topics and shorten any deposition.

**IT IS SO ORDERED.**

Dated: March 18, 2013

_____
LAUREL BEELER
United States Magistrate Judge