UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MAUDER and ALICE CHAO; DEOGENESO and GLORINA PALUGOD; And MARITZA PINEL, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES, LLC,<br><br>Defendant. | Case No:  C 10-3118 SBA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND SERVICE AWARDS**<br><br>Dkt. 230, 241, 250 |

This matter came before the Court on January 14, 2015, for a fairness hearing in connection with Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Service Awards.  In particular, Plaintiffs seek final approval of:  a proposed class action settlement in the gross amount of $5,250,000; an award of attorney's fees in the amount of $1,575,000 (based on 30% of the gross settlement); incentive awards for each named plaintiff in the amount of $7,500; Claims Administrator fees and expenses not to exceed $85,000; and litigation costs in the amount of $185,883.  The Court has received no objections to the proposed settlement and no putative objectors appeared at the final approval hearing.[1]

The Court may finally approve a class settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); <u>Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco</u>, 688 F.2d 615, 625 (9th Cir. 1982).  To assess whether a proposed settlement comports with Rule 23(e), a

---

[1] The parties appeared through their respective counsel of record.

district court "may consider some or all" of the following factors:  (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.  Rodriguez v. West Publ'g Corp., 563 F.3d 948, 963 (9th Cir. 2009).   No single factor is the "most significant."  Officers for Justice, 688 F.2d at 625.

The Court finds that Plaintiffs have sufficiently demonstrated that the above factors militate in favor of approving the settlement.  First, although Plaintiffs have made a prima facie showing to support their claims, it would be risky and costly for them to continue pursuing the action.  Not only are the salient issues both factually and legally complex, Defendant has actively and vigorously defended itself against Plaintiffs' claims throughout the litigation. In addition, aside from the preliminary approval order, there has been no class certification order issued in this case.  Second, Plaintiffs agreed to the settlement only after conducting extensive discovery, thus demonstrating that their decision to settle is an informed one.  Finally, the Class has reacted favorably to the settlement, with no objections having been filed and only 22 out of approximately 15,000 class members having opted out.

With regard to the attorneys' fees request, the Court finds that Plaintiffs have made a sufficient showing to warrant an upward departure from the 25% benchmark generally applicable in common fund cases.  Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002) (listing factors to consider in arriving at a fee award).  Over the course of several years, Plaintiffs' counsel vigorously litigated the action before securing a settlement favorable to the class.  The reasonableness of a 30% fee award is confirmed by the lodestar cross-check.  See Vizcaino, 290 F.3d at 1050.  Plaintiffs have likewise made a sufficient showing that class representatives Mauder Chao, Alice Chao, Deogeneso Palugod, Glorina Palugod, and Maritza Pinel have contributed to the successful prosecution of the action and

protected the interests of the Class. Staton v. Boeing Co., 327 F.3d 928, 977 (9th Cir. 2003) (articulating factors to consider in assessing a request for an incentive award in class actions). Finally, Plaintiffs have provided sufficient documentary support for the payment of Claims Administrator fees and litigation expenses in the sums requested. Accordingly,

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Service Awards are GRANTED.

1. This Order incorporates and approves the Settlement Agreement as fair, reasonable and adequate in all respects, and the terms used herein shall have the same meaning as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to this Action, including all Settlement Class Members, as such term is defined in the Settlement Agreement.

3. The Court appoints Plaintiffs Mauder and Alice Chao (husband and wife); Deogeneso and Glorina Palugod (husband and wife), and Maritza Pinel, as representatives of the Settlement Class.

4. The Court finds that the requirements of Rule 23 are satisfied with respect to the Settlement Class: (a) the members of the Settlement Class are so numerous that joinder of all of them is impracticable; (b) there are questions of law and fact common to the Settlement Class, which predominate; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; and (d) Plaintiffs and Class Counsel have and will fairly and adequately represent the Settlement Class.

5. The Settlement Class is certified as the following Settlement Classes:

   A. The "**Rosenthal Act Settlement Class**," which consists of "all California residential mortgage customers to whom Aurora sent the 'Workout Agreement,' later called the 'Foreclosure Alternative Agreement,' or substantially identical correspondence on or after June 8, 2009."

   and

B. The "**Restitution Settlement Class**," which consists of "All California residential mortgage customers to whom Aurora sent the 'Workout Agreement,' later called the 'Foreclosure Alternative Agreement,' or substantively identical correspondence on or after June 8, 2006, who made the trial payments required by their final Workout Agreement, did not thereafter enter into a repayment plan or HAMP trial payment plan, were not thereafter offered a loan modification by Aurora, and were thereafter foreclosed upon." Settlement Agreement, ¶ 2(bb) and (cc).

There is also the "Excess Payment Settlement Subclass" which contains: "All members of the Restitution Settlement Class who made additional payments to Aurora after the term of the Workout Agreement had expired." Settlement Agreement, ¶ 2(n).

6. The Class Notice mailed to Settlement Class Members fully and accurately informed Settlement Class Members of all material elements of the proposed settlement, and the mailing constituted valid, due, and sufficient notice to all Settlement Class Members, and the best notice practicable under the circumstances.

7. The Court finds that the persons identified in Exhibit C to the Stipulation and [Proposed] Order Submitting Final Class Lists, filed January 20, 2015, made valid requests for exclusion from the Settlement Class pursuant to the Class Notice.

8. The Court finds that the persons identified in Exhibit A to the Stipulation and [Proposed] Order Submitting Final Class Lists, filed January 20, 2015, are members of the Rosenthal Act Settlement Class.

9. The Court finds that the persons identified in Exhibit B to the Stipulation and [Proposed] Order Submitting Final Class Lists, filed January 20, 2015, are members of the Restitution Settlement Class.

10. The Court finds there are no objections to the settlement following the class notices.

11. The Court approves incentive awards in the amount of $7,500 to Plaintiff Mauder Chao, $7,500 to Plaintiff Alice Chao, $7,500 to Plaintiff Deogeneso Palugod, $7,500 to Glorina Palugod, and $7,500 to Plaintiff Maritza Pinel, for their services as class representatives in accordance with the Settlement Agreement. The Court finds that such

awards are fair, reasonable, and appropriate for the reasons stated above and at the fairness hearing.

12. Plaintiffs' attorneys (a) Hagens Berman Sobol Shapiro LLP, (b) the Law Office of Andrew Oldham, (c) Abtahi Thigpen, LLP and (d) Richardson, Patrick, Westbrook & Brickman, LLC are approved and appointed as Class Counsel.

13. Class Counsel are awarded attorneys' fees of 30% of the Gross Settlement Fund ($1,575,000) plus expense reimbursements of $185,833.00. The Court finds that such awards are fair and reasonable, and orders that they be paid from the Gross Settlement Fund in accordance with the Settlement Agreement. The attorneys' fees awarded by the Court shall be allocated to Class Counsel at their discretion.

14. The Court approves the Claims Administrator's fees and costs not to exceed $85,000.00 to be paid promptly from the Gross Settlement Fund as they are incurred. All such funds not yet expended shall be held in reserve from the Gross Settlement Fund to cover the actual fees and costs the Claims Administrator will incur in mailing settlement payments. Should a second distribution be required per the terms of the Settlement Agreement, the fees and costs associated with such second distribution will be paid from the funds to be distributed in such second distribution. The Court finds that such fees and costs are reasonable and orders that they be paid from the Gross Settlement Fund in accordance with the Settlement Agreement.

15. The Court orders the parties to the Settlement Agreement and the Claims Administrator to perform their obligations thereunder pursuant to the terms of the Settlement Agreement and the plan of allocation of the Net Settlement Fund described therein.

16. The Court orders that Judgment be entered on the terms of the Settlement Agreement as set forth in this Order and Judgment and dismisses the complaint in this case and all claims and causes of action asserted therein, on the merits and with prejudice, as to the Class Representative and all Settlement Class Members. This dismissal is without cost to any party except as specifically provided in the Settlement Agreement.

17. The Court adjudges that the Class Representatives and all Settlement Class Members who did not request exclusion shall, to the extent provided by the Settlement Agreement, conclusively be deemed to have released and discharged Released Parties, as that term is used in the Settlement Agreement, from any and all Released Claims, as that term is defined in the Settlement Agreement.

18. Without affecting the finality of this Order and Judgment, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court, until such time as the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement, including all payments set forth thereunder; (b) any other action necessary to conclude this settlement and implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement including, but not limited to, any dispute concerning Settlement Class Members' release of Released Claims.  Any disputes relating to the foregoing shall be referred to a Magistrate Judge of this Court for resolution or a report and recommendation, depending on the circumstances presented.

19. The Court declines to identify a cy pres beneficiary at this time.  If and when the Claims Administrator determines that there are unclaimed funds following the final distribution of the settlement, the parties shall submit a motion or stipulation which demonstrates that Habitat for Humanity or some other beneficiary is an appropriate cy pres beneficiary under the standard set forth in <u>Dennis v. Kellogg Co.</u>, 697 F.3d 858 (9th Cir. 2012).

20. The Court finds that no just reason exists for delay in entering this Judgment and the Clerk is hereby directed forthwith to enter it.

IT IS SO ORDERED.

Dated: January 21, 2015

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 6 -